UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


ROBERT G. FORDHAM,

            Plaintiff,

v.                                              CASE NO. 3:15-cv-464-J-MCR

CAROLYN W. COLVIN, Commissioner
of the Social Security Administration,

            Defendant.
_____/


## MEMORANDUM OPINION AND ORDER[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative

decision denying his applications for a period of disability, Disability Insurance

Benefits, and Supplemental Security Income.  Plaintiff alleges he became

disabled on September 26, 2011.  (Tr. 37.)  A hearing was held before the

assigned Administrative Law Judge ("ALJ") on July 8, 2013, at which Plaintiff was

represented by an attorney.  (Tr. 58-84.)  The ALJ found Plaintiff not disabled

from September 26, 2011, through September 26, 2013, the date of his decision.

(Tr. 37-50.)

In reaching the decision, the ALJ found that Plaintiff had "the following

severe impairments: degenerative joint disease of the lower back and left hip,

_____

[1]The parties consented to the exercise of jurisdiction by a United States
Magistrate Judge. (Doc. 16.)

history of right total hip replacement in 12/11, and HIV." (Tr. 41.)  The ALJ also found that Plaintiff had the residual functional capacity ("RFC") to perform light work with a sit/stand option.  (Tr. 42.)

Plaintiff is appealing the Commissioner's decision that he was not disabled during the relevant time period.  Plaintiff has exhausted his available administrative remedies and the case is properly before the Court.  The undersigned has reviewed the record, the briefs, and the applicable law.  For the reasons stated herein, the undersigned determines that the Commissioner's decision is due to be **AFFIRMED**.

## I.    Standard of Review

The scope of this Court's review is limited to determining whether the Commissioner applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th. Cir. 1988), and whether the Commissioner's findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004).  Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision.  *Edwards v. Sullivan*, 937

2

F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th

Cir. 1991).  The district court must view the evidence as a whole, taking into

account evidence favorable as well as unfavorable to the decision.  *Foote v.

Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *accord Lowery v. Sullivan*, 979 F.2d

835, 837 (11th Cir. 1992) (stating the court must scrutinize the entire record to

determine the reasonableness of the Commissioner's factual findings).

**II.     Discussion**

Plaintiff argues one general point on appeal: that the ALJ erred by not

incorporating all of the limitations in the hypothetical posed to the vocational

expert ("VE").  More specifically, Plaintiff argues that the "possible effects of the

deterioration of the left hip was never discussed with the VE nor were any

restrictions incorporated into the hypothetical that incorporated any elements of

pain, fatigue, or the inability to focus."  (Doc. 18 at 8.)

Defendant responds that the ALJ was not required to discuss with the VE

the possible effects of Plaintiff's left hip deterioration, or inquire as to limitations

unsupported by the record evidence, and, therefore, the hypothetical posed to the

VE was complete.  (Doc.19 at 6.)

**A.     The ALJ's Decision**

The ALJ found that Plaintiff had severe impairments, including

degenerative joint disease of the lower back and left hip, history of right total hip

3

replacement in 12/11, and HIV. (Tr. 41.) The ALJ then determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. (*Id.*)

The ALJ determined that Plaintiff had the RFC to "perform light work . . . except with a sit/stand option." (Tr. 42.) Benefitting from VE testimony, the ALJ determined that the Plaintiff is capable of performing "past relevant work as a cashier II," because the "work does not require the performance of work-related activities precluded by [Plaintiff's RFC]." (Tr. 49, 82.) The ALJ concluded that Plaintiff was not disabled under the Social Security Act. 20 C.F.R. 404.1520(f) and 416.920(f). (Tr. 50.)

### B. The ALJ's Hypothetical Question to the VE Was Complete

Plaintiff initially argues that the hypothetical posed to the VE was an incomplete representation of Plaintiff's limitations and, therefore, not substantial evidence. Plaintiff argues that the hypothetical was incomplete because it did not include any limitations related to the Plaintiff's left hip deterioration as well as issues related to pain and fatigue. (Doc. 18 at 8.) This argument lacks merit.

"In order for a VE's testimony to constitute substantial evidence the ALJ must pose a hypothetical question which comprises all of the claimants impairments." *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1270 (11th Cir. 2007); *Kelley v. Colvin*, Case No.: 3:13-cv-631-J-MCR, 2014 WL 1764710 at

4

*4 (M.D. Fla. May 2, 2014) (finding VE's testimony provided substantial evidence where the ALJ's hypothetical mirrored the RFC).  However, the ALJ is not required to include findings in the hypothetical that the ALJ properly rejected as unsupported. *Crawford v. Comm'r of Soc. Sec. Admin.*, 363 F. 3d 1155, 1161 (11th Cir. 2004).

The RFC is an assessment, based upon "all of the relevant evidence, of a [plaintiff's] remaining ability to do work despite impairments."  *Hernandez v. Comm'r of Soc. Sec.*, 443 F. App'x. 821, 822 (11th Cir. 2011) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)).  In making an RFC finding, the ALJ will consider all symptoms to the extent "which [Plaintiff's] symptoms can reasonably be accepted as consistent with objective medical evidence and other evidence." 20 C.F.R. 404.1529(a).  Plaintiff must "prove that he is not able to perform his past kind of work, not that he merely be unable to perform a specific job he held in the past."  *Hernandez*, 443 F. App'x. at 822.  To qualify as a complete hypothetical, the hypothetical needs to include all of Plaintiff's impairments.  *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002); *see also Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999).

The hypothetical posed to the VE here "assume[d] a hypothetical person with a light RFC and a sit/stand option," and "assum[ed] that th[e] person had the same age, education and work experience as the Claimant in this case."  (Tr. 81.) The VE responded to the hypothetical by stating that there were Cashier II jobs

with a sit/stand option that Plaintiff could successfully perform.  (Tr. 82.)  The hypothetical question mirrored that of the light RFC with a sit/stand option, and, therefore, the ALJ properly relied on the VE's testimony regarding Plaintiff's ability to perform past relevant work as a Cashier II.  *See Kelley*, 2014 WL 1764710 at *4.  The RFC included all of the limitations that the ALJ found consistent with the objective medical evidence and other evidence.  (Tr. 42.)

Plaintiff argues that the ALJ erred in that "[t]he possible effects of the deterioration of the left hip [were] never discussed with the VE nor were any restrictions incorporated into the hypothetical that incorporated any elements of pain, fatigue or the inability to focus."  (*Id.* at 8.)  Dr. Ravi, a treating physician, testified that the Plaintiff had problems with pace and fatigue, and that Plaintiff had physical limitations "related to ongoing deterioration of left hip."  (Tr. 496.) However, the ALJ properly discounted Dr. Ravi's opinions.

Generally, "the testimony of a treating physician must be given substantial or considerable weight unless 'good cause' is show to the contrary."  *Crawford v. Comm'r of Soc. Sec. Admin.*, 363 F.3d 1155, 1159 (11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).  If good cause is not shown then the treating physician's medical testimony "must be given substantial or considerable weight."  *Id.* (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)).  "[G]ood cause exists when the : (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or

(3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004).

Moreover, "[a] treating physician's report 'may be discounted when it is not accompanied by objective medical evidence or is wholly conclusory.'" *Crawford*, 363 F.3d at 1159 (quoting *Edwards v. Sullivan*, 937 F.2d 580, 583-84 (11th Cir. 1991)).  A treating physician's opinion is conclusory if "it contains no specific limitations to any work-related functional limitation, such as walking, lifting, standing, or sitting." *Chappel v. Comm'r of Soc. Sec.*, Case No.: 8:08-cv-1138-T-DAB, 2009 WL 2460757 at *5 (M.D. Fla. Aug. 10, 2009).  Also, if "the report[] of the treating physician . . . do[es] not contain objective findings to support [its] conclusions, the ALJ's failure to accord weight to [its] conclusions is supported by substantial evidence and based on correct legal standards." *Cummings v. Comm'r of Soc. Sec.*, 165 F. App'x. 809, 811 (11th Cir. 2006).

Furthermore, "[a] conclusion as to disability or ability to work is essentially legal rather than medical, and is reserved for the Commissioner.  It is not the type of medical opinion to which the Commissioner gives controlling weight." *Corbitt v. Astrue,* Case No.: 3:07-cv-518-J-HTS, 2008 WL 1776574 at *3 (M.D. Fla. Apr. 17, 2008) (quoting *Ellis v. Barnhart*, 392 F.3d 988, 994 (8th Cir. 2005)) (internal quotations omitted).  A physician's opinion on an issue reserved to the Commissioner is not entitled to any special significance. *Chappel*, 2009 WL

2460757 at *5.  Therefore, an ALJ does not have to mention conclusions as to disability or ability to work made by physicians.  *Id.*

In his decision, the ALJ accorded Dr. Ravi's opinion little weight for two reasons: (1) he did not provide any specific limitations and (2) records from UF Rainbow Clinic do not document any objective medical findings that would prevent Plaintiff from performing work activity within the established RFC.  (Tr. 47.)  Because Dr. Ravi did not include any specific limitations to any work-related functional limitations, her opinion that Plaintiff "had physical limitations related to ongoing deterioration of the left hip," was conclusory.  See *Chappel*, 2009 WL 2460757 at *5 (stating that a physician's medical opinion is conclusory where the physician does not include any specific limitations).  Moreover, Dr. Ravi's determination that Plaintiff is disabled is a legal question reserved for the Commissioner and not a medical question for the physician.  *Id.*  Finally, as articulated by the ALJ, Dr. Ravi's records from the UF Rainbow Clinic do not document any objective medical findings that would prevent Plaintiff from performing work activity within the established RFC.  (Tr. 47, 324-347, 454-464, 485-494.); see *Cummings v. Comm'r of Soc. Sec.*, 165 F. App'x 809, 811 (11th Cir. 2006) ("[B]ecause the reports of the treating physician and psychologist do not contain objective findings to support their conclusions, the ALJ's failure to accord weight to their conclusions is supported by substantial evidence and based on correct legal standards.").

8

After properly discounting the testimony of the treating physician, the ALJ gave significant weight to the opinion of Dr. Weinstein, who performed a consultative physical examination in April 2013.  (Tr. 47, 470-477.)  The ALJ found that "Dr. Weinstein had the opportunity to examine the claimant and that the opinion is supported by objective medical findings." (Tr. 47.)

 Dr. Weinstein also found that Plaintiff "appears to be in no acute distress [and that] his gait is normal."  (Tr. 471.)  Dr. Weinstein opined that Plaintiff can "walk on heels and toes without difficulty[,] he can squat fully[,] his stance is normal[, and] he claims to use [a cane,] but he did not use it during my examination of him."  (*Id.*)  Dr. Weinstein further stated that "I have watched him, and in my opinion, the cane is not necessary. He walks the same with or without the cane."  (*Id.*)  After examining the Plaintiff, Dr. Weinstein opined that Plaintiff be diagnosed with degenerative joint disease involving his lower back and left hip, HIV, and history of asthma.  (Tr. 473.)  Also, Dr. Weinstein found that "based on [his] examination today, the claimant has no restriction to any and all forms of physical activity . . . " (*Id.*)

The ALJ also considered the opinion of Dr. Baltazar, a State agency physician consultant.  The regulations require the ALJ to "consider their [state agency physician consultant's] findings of fact about the nature and severity of an individual's impairments as opinions of nonexamining physicians."  *See* SSR 96-

6p.  The ALJ properly considered Dr. Baltazar's opinion that Plaintiff could perform a restricted range of light work. (Tr. 99-108.)

After weighing all of the medical testimony, the ALJ articulated reasons for determining that Dr. Ravi's opinion should be given little weight and those reasons were supported by substantial evidence.  Further, the ALJ was not required to discuss with the VE, or include in the hypothetical, each and every symptom Plaintiff had or might have in the future.  *See Ingram*, 496 F.3d at 1270 ("The hypothetical need only include 'the claimant's impairments,' not each and every symptom of the claimant.") (quoting *Wilson*, 284 F.3d at 1227).

Contrary to Plaintiff's contention, he did not testify needing a left hip replacement.  (*See* Doc. 18 at 7; Tr. 58-80.)  Nevertheless, the ALJ properly disclaimed Plaintiff's subjective symptoms of pain.  The ALJ articulated the fact that the Plaintiff had work activity that was performed at the SGA level indicated to the ALJ that Plaintiff's daily activities have been somewhat greater than the claimant has generally reported. Plaintiff's reported daily activities included "cooking, using public transportation, washing dishes, cleaning the bathroom, watching television, and playing games."  (Tr. 48.)  Further, the ALJ pointed out, and the medical evidence corroborates, that the record "reflects gaps in the [Plaintiff's] history of treatment as well as no shows for doctor appointments on a couple of occasions."  (Tr. 48, 467, 468.)  The ALJ also found that Plaintiff has not seen a specialist for his hip pain since January 2012 and that all treatment

10

has been rendered by a general practitioner.  (Tr. 48, 422-453, 454-464, 465-468.)  The ALJ noted that the medication that was prescribed to the Plaintiff has been relatively effective in controlling the claimant's symptoms.  (Tr. 48, 345, 459-64.)

As a result, the ALJ found Plaintiff's description of symptoms and limitations to be generally inconsistent and unpersuasive.  *Cf. Jordan v. Astrue,* Case No.: 3:08-cv-1072-J-TEM, 2010 WL 1257482, *10 (M.D. Fla. Mar. 29, 2010) (stating Plaintiff's subjective allegations were not fully credible to the extent they preclude all work activity; finding the following factors contributing to that decision: medication improved pain symptoms, normal gait, Plaintiff's inconsistent statements about activities of daily living, etc.).

## III.  Conclusion

The Court does not make independent factual determinations, re-weigh the evidence, or substitute its decision for that of the ALJ.  Thus, the question is not whether the Court would have arrived at the same decision on de novo review; rather, the Court's review is limited to determining whether the ALJ's findings are based on correct legal standards and supported by substantial evidence.  Based on this standard of review, the undersigned affirms the ALJ's decision that Plaintiff was not disabled within the meaning of the Social Security Act for the time period in question.

Accordingly, it is **ORDERED**:

1. The Commissioner's decision is **AFFIRMED**

2. The Clerk of Court is directed to enter judgment consistent with this

   Order and close the file

**DONE AND ENTERED** at Jacksonville, Florida, on June 21, 2016.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

12